IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE DANIEL HOLT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:08-cv-01393-JEO |
| | ) |
| MAC GLENN, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on November 13, 2008, recommending that this action be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The report recommended that the court find the plaintiff's claims to be barred by the statute of limitations applicable to actions under 42 U.S.C. § 1983. The plaintiff filed objections to the report and recommendation on November 18, 2008. (Doc. #12). The gist of his objections is that he did not discover the defendant's alleged wrongdoing until the October 30, 2006, hearing regarding the revocation of his probation, which is within the two year statute of limitations period for § 1983 claims.

With respect to the statute of limitations in civil rights actions, "[t]he general federal rule is that 'the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Rozar v. Mullis*, 85 F.3d 556 (11th Cir. 1996); *quoting Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir.1987). It is not clear from the vague wording of the complaint if the plaintiff was

or should have been aware of the defendant's alleged falsification of the probation report prior to the October 2006 hearing. Under other circumstances, the court would be obliged to require a more definite pleading. However, because the plaintiff has failed to allege facts which state a cognizable claim under § 1983, the court need not decide the statute of limitations issue.

In this case, the plaintiff has accused the defendant of altering a probation report to reflect that the plaintiff was sentenced to nine (9) years probation instead of three (3) years probation. The plaintiff complains that he was not informed of that alteration until the October 30, 2006, state court hearing in which his probation was revoked and he was ordered into custody. While the court does not condone the falsification of government records, the plaintiff has not shown how the defendant's actions resulted in a violation of the rights, privileges, or immunities afforded him under the Constitution or laws of the United States. In *Baker v. McCollan*, the Supreme Court recognized that "a public official is liable under § 1983 only if he *causes* the plaintiff to be subjected to deprivation of his constitutional rights."[1] Therefore, "[t]he first inquiry in any § 1983 lawsuit . . . is whether the plaintiff has been deprived of a right secured by the Constitution and laws." *Id*. at 140. This is a "threshold requirement" for any action under § 1983. *Id*. In this instance, there are no facts pled which show that any actions by the defendant resulted in the plaintiff's loss of liberty or resulted in any violation of constitutional rights.[2] Although the plaintiff does not apprise the court of the reason

---

[1] 443 U.S. 137, 142 (1979).

[2] In that regard, because qualified immunity protects government officials from the burdens of a lawsuit, the court may not defeat a defendant's qualified immunity by inferring claims beyond those that plainly appear on the face of the complaint. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998). Additionally, the plaintiff has not alleged that he was denied due process prior to the revocation of his probation. In fact, he confirms that the state court conducted a revocation hearing on October 30, 2006. As noted by the court in *Baker*, "[t]he Fourteenth Amendment does not protect against all deprivations of liberty, [but] protects only against deprivations of liberty accomplished *without due process of law*." 443 U.S. at 145. (emphasis added).

his probation was revoked, it seems clear that the alleged alteration of a probation report in the manner described in the complaint could not have been the basis for the revocation. In other words, the plaintiff has presented no facts which show how the defendant's actions resulted in his alleged false imprisonment, or any other personally cognizable constitutional violation, and as such he has failed to state a claim under § 1983.[3]

In his objections, the plaintiff asserts the new allegation that the defendant offered perjured testimony, presumably at the revocation hearing. (Doc. #12, page 2). However, this allegation will not support a claim for damages under § 1983. The Supreme Court has interpreted § 1983 to give absolute immunity to functions that are "intimately associated with the judicial phase of the criminal process" and as such witnesses are granted absolute immunity for their testimony at trial. *Jones v. Cannon*, 174 F.3d 1271 (11th Cir. 1999); *quoting Malley v. Briggs*, 475 U.S. 335, 342 (1986). Even assuming for purposes of this discussion that the defendant's position as a state probation officer can be equated with that of a police officer, the defendant would still be entitled to the same absolute immunity as a lay witness with respect to his trial testimony. *Id*. at 1281. This is true even if the testimony given by the officer is false.[4] *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Because the defendant is entitled to absolute immunity from a § 1983 action based upon his testimony as a witness, the plaintiff's claim against him cannot proceed on that basis alone.

---

[3] To the extent that the defendant is subject to any state law tort claims, the court declines to exercise jurisdiction over those claims pursuant to 28 U.S.C. § 1367(c)(3). Additionally, to the extent the plaintiff seeks to challenge the fact or duration of his incarceration, he may do so only by way of a petition for writ of *habeas corpus*. Such relief is not appropriate in this action brought pursuant to 42 U.S.C. § 1983 *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Watson v. Briscoe*, 554 F.2d 650 (5th Cir. 1977).

[4] "The penalty for false testimony under such circumstances is the same for any witness; that is, a potential prosecution for perjury." *Jones*, supra at 1281.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED.  The complaint is due to be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).  A Final Judgment will be entered.

DATED this 5th day of January, 2009.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE